UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

NARCISO RUBIO,
    Plaintiff,
vs.
SOUTHERN ADJUSTMENT
SERVICES, INCORPORATED, and
GTE FEDERAL CREDIT UNION,
    Defendants.
_____/

## COMPLAINT
### (Jury Demand)

### Introduction

1. This is an action for actual damages and statutory damages rought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA" and Florida's Uniform Commercial Code, § 679, *et seq.,* Fla. Stat. ("UCC").

### Jurisdiction

2. This Court has jurisdiction according to 28 U.S.C. §§ 1331 and 1337(a), and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over the state law claims according to 28 U.S.C. § 1367.

### Venue

3. Venue in this District is proper, according to 28 U.S.C. § 1391, because Defendants transact business here and the conduct complained

of occurred here.

## Parties

4.  Plaintiff **NARCISO RUBIO** ("Rubio") is a natural person residing at all relevant times in Miami-Dade County, Florida.

5.  Defendant **Southern Adjustment Services, Incorporated** ("SAS"), is a company with its principal place of business in Davie, Florida.

6.  Defendant **GTE Federal Credit Union** ("GTE") is a federally chartered credit union with its principal place of business in Tampa, Florida.

## Facts

7.  On or about September 28, 2004 Rubio purchased a motor vehicle described as a 2000 Lexus RX300 VIN: JT6GF10U5Y0051535 ("Vehicle") from Deluxe Motors for a cash price of $20,813.47.

8.  Plaintiff financed the automobile with GTE.

9.  GTE provided $22,977.47 in loan financing to Rubio, and disbursed $20,813.47 to Deluxe Motors and recorded a lien on Vehicle's certificate of title as security for the loan.

10.  On or about 10/22/2010, GTE informed Plaintiff that it was

placing collateral protection insurance on the Lexus because Plaintiff had failed to insure it.

11. Rubio disputed any lapse in insurance coverage on Vehicle, and provided GTE with evidence of full coverage being in full force and effect with GTE named as the loss payee at the time of GTE had wrongfully declared default, but GTE refused to return possession of Vehicle to Rubio.

12. After receiving Rubio's proof of insurance, GTE retroactively cancelled the collateral protection insurance.

13. On or about November 4, 2010, GTE took possession of Vehicle from Rubio, claiming Rubio was in default under the loan agreement for failure to provide insurance coverage on Vehicle.

14. GTE had SAS repossess the Lexus automobile.

15. Rubio was current on his payments to GTE.

## COUNT I
### (SAS: FDCPA Unfair Practice)

16. Plaintiff realleges and incorporates here paragraphs 1 through 15.

17. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

18. The Lexus automobile was used for personal, family or household purposes, not for business use.

19. The automobile's financing debt was a "consumer" "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

20. SAS is principally in the business of repossessing cars on behalf of lien holders, *i.e.*, enforcing security interests, for which it uses instrumentalities of interstate commerce or the mails.

21. SAS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

22. SAS knew or should have known that it did not have the present right to possess the Lexus.

23. SAS violated 15 U.S.C. § 1692f(6) by repossessing Plaintiff's automobile when it did not have the present right to possess it.

24. As a result of the violation of the FDCPA, SAS is liable to the Plaintiff for actual damages, statutory damages, costs and attorney's fees.

## COUNT II
### (GTE: UCC Article 9 Violation - Wrongful Repossession)

25. Plaintiff realleges and incorporates the allegations set forth above in paragraphs 1 through 15.

26. This is an action for damages according to § 679 *et seq.* Fla. Stat. (Uniform Commercial Code Article 9 – Secured Transactions) for wrongful repossession and noncompliance with UCC Article 9.

27. At all relevant times, Rubio was a purchaser of goods for personal and household use and consumer obligor as defined in § 679.1021(y) Fla. Stat.

28. At all relevant times, GTE was a secured party as defined in § 679.1021(sss) Fla. Stat.

29. At all relevant times, Vehicle was a motor vehicle as defined in § 320.01 Fla. Stat. and § 501.975 Fla. Stat., and was consumer goods as defined in § 679.1021(w) Fla. Stat.

30. In the course of the transaction with Rubio, GTE violated the provisions of § 679 *et seq.* Fla. Stat., including but not limited to the following violations:

   a. Committing a breach of the peace in repossessing the Vehicle;

   b. Repossessing the Vehicle even though Consumer was not in default;

   c. Misleading Consumer regarding his rights of redemption.

31. Rubio is entitled to recover actual damages from GTE for

noncompliance with UCC Article 9, whether or not Rubio was injured by GTE's wrongful acts.[1]

32. GTE's violation of § 679.614 Fla. Stat., entitles Plaintiff to recover statutory damages of not less than (a) the credit service charge, plus (b) 10% of the cash price, pursuant to § 679.625(3)(b) Fla. Stat.

33. Rubio has sustained losses or damages as a result of GTE's noncompliance with UCC Article 9, and GTE is liable to Rubio for any loss caused by GTE's failure to comply with UCC Article 9, pursuant to § 679.625(2) Fla. Stat.

34. Plaintiff has hired the undersigned attorney for legal counsel and representation in this action, and is obligated to pay reasonable attorney's fees, expenses and costs related to this action.

## Prayer For Relief

35. WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant for:

   A. Actual damages, according to 15 U.S.C. § 1692k(a)(1);

   B. Statutory damages, according to 15 U.S.C. § 1692k(a)(2)(A);

   C. Costs, according to 15 U.S.C. § 1692k(a)(3) and Fed.R.Civ.P.

---

[1] "[E]very noncompliance with the requirements of Part 6 in a consumer-goods transaction results in liability, regardless of any injury that may have resulted." UCC Article 9-625, Official Comment 4, entitled: "Minimum Damages in Consumer-Goods Transactions"

54(d);

D.  Reasonable attorney's fees, according to 15 U.S.C. § 1692k(a)(3).

E.  Actual damages according to § 679 *et seq.* Fla. Stat.

F.  Statutory damages according to § 679 *et seq.* Fla. Stat.

G.  Attorney's fees according to § 679 *et seq.* Fla. Stat.

H.  Costs according to § 679 *et seq.* Fla. Stat.

I.  Prejudgment interest according to § 679 *et seq.* Fla. Stat.

## JURY TRIAL DEMAND

36.  Plaintiff demands trial by jury.

Respectfully submitted on 2011-10-18 by

/s/ *Dana Manner*
Dana L. Manner, Esq., Fla. Bar # 63419
DANA L. MANNER, P.L.
2121 SW 3rd Ave., Suite 405
Miami, FL 33129
(305) 285-9495 Tel
(305) 285-9496 Fax
dana@mannerlaw.com
*Attorney for Plaintiff NARCISO RUBIO*

/s/ *Leo Bueno*
Leo Bueno, Fla. Bar #: 716261
LEO BUENO, ATTORNEY, P.A.
P.O. Box 141679
Coral Gables, FL  33114-1679

305-669-5260; 305-328-9301 [fax]
Leo@BuenoLaw.com
*Attorney for Plaintiff NARCISO RUBIO*

U:\CLIENTS\Rubio Narciso 0259\0259 Rubio FDCPA section f6 complaint plus UCC wrongful repo.doc